The evidence discloses that the testatrix, a maiden lady of eighty-two years, was master of her affairs until her death and was absolutely competent to make a will and that the document admitted to probate expresses her testamentary wishes.
The coincidence that the lawyer who drew the will is also a legatee, without more, does not raise a presumption of undue influence.
If, however, the circumstances that the attorney who drew the will was the testatrix's legal adviser and a beneficiary to a *Page 227 
substantial sum, raises a presumption of undue influence (and it may be said with assurance that there is nothing in the case to evoke a suspicion of imposition) that presumption has been completely met and refuted. The history is clear that the attorney was a mere scrivener and not an adviser in the formation of the will; he offered no suggestion in its make-up nor sought to guide the mind or will of the testatrix. The legacy to him originated in the mind of the testatrix, it was her spontaneous act. Slack v. Rees, 66 N.J. Eq. 447, and Post v. Hagan,71 N.J. Eq. 234, and others, cited by the appellants, laying down the doctrine of independent advice, involved improvident giftsinter vivos and have no pertinency to testamentary gifts. Where undue influence is presumed in testamentary disposition from a relation of trust and confidence the presumption is overcomeable by showing that the gift was well understood and that no pressure was exercised.
The burden is on the proponent of a will to establish its due execution. Incompetency or undue influence to overthrow a will properly executed must be established by the contestants.
The will was admitted to probate in the first instance by the surrogate from whose decree an appeal was taken to the orphans court. If the probate in the orphans court should have been denovo the refusal of the court to put the proponents to proof of due execution of the will was harmless ruling. The proof of the contestants adequately establishes that the will was executed with statutory formality. The burden of the establishing incompetence or undue influence was correctly put upon the contestants. An error in procedure, if the court was in error, is not a ground for reversal of a decree for probate. The decree below will be affirmed. *Page 228